**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        Stacey Tinsley v. Glenda Briggs

Appellate case number:    01-17-00184-CV

Trial court case number:   1080797

Trial court:                County Civil Court at Law No. 1 of Harris County

On March 10, 2017, appellant, Stacey Tinsley, proceeding pro se, filed a notice of appeal from the final judgment, signed by the county court on February 10, 2017, in this eviction case. On April 4, 2017, the court reporter, Leslie Witter, filed an info sheet in this Court stating that she would not file the reporter's record because appellant had neither paid for it and was not appealing as an indigent. On April 4, 2017, the Clerk of this Court sent a notice to appellant stating that, absent a record showing that she was indigent, unless she paid the filing fee by May 4, 2017, this appeal was subject to dismissal for want of prosecution.

On April 18, 2017, the county clerk filed an original clerk's record in this Court containing, among other documents, appellant's "Sworn Statement of Inability to Pay Costs for Appeal (Evictions)" (hereinafter, "Statement") and appellee Glenda Briggs' contest to that Statement, both filed on July 29, 2016. However, the county clerk's Bill of Cost notes that the clerk's record fee was waived due to appellant's Statement filed in the justice court. There was no justice or county court's order regarding the Statement.

On May 9, 2017, the Clerk of this Court sent notice to the county clerk requesting an indigent clerk's record by June 13, 2017, and forwarded appellant's "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," which is the new affidavit of indigence form approved by the Texas Supreme Court, which appellant had filed in this Court on May 4, 2017. Later on May 9, 2017, the county clerk filed a notice in this Court stating, among other things, that appellant had not yet filed the Statement in the county court.

Rule of Appellate Procedure 20.1 provides that a party who files such a Statement in the trial court "is not required to pay costs in the appellate court unless the trial court

overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145." TEX. R. APP. P. 20.1(b)(1). Because appellant's claim of indigence was not overruled by the justice or county courts, appellant is not required to pay costs in this appeal. *See id.*

Accordingly, the Clerk of this Court is **ORDERED** to deem the appellant indigent and allowed to proceed without advance payment for purposes of the filing, clerk's, and reporter's record fees. Therefore, the Court **ORDERS** Leslie Witter, or the substitute reporter, to prepare, certify, and file the reporter's record in this appeal without advance payment of costs. *See* TEX. R. APP. P. 20.1(b)(1), 34.5(a), (c), 34.6(d). The reporter's record must be filed with the Clerk of the First Court of Appeals **within 20 days from the date of this Order**.

Finally, because appellant is proceeding pro se, we **ORDER** the county clerk to mail the clerk's and reporter's record to the pro se appellant **within 30 days** of the date of this Order, at no cost to appellant, and shall further certify to this Court the delivery date **within 40 days** of this Order.

It is so ORDERED.

Judge's signature:    _/s/ Laura Carter Higley
                          ☒  Acting individually

Date:  May 16, 2017